IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : CHAPTER 7 |
| GERALD TAYLOR AND MARLAYN TAYLOR | : |
| DEBTOR(S) | : BANKRUPTCY NO. 09-16597 SR |
| ROBERTA A. DEANGELIS, UNITED STATES TRUSTEE | : |
| PLAINTIFF(S) | : |
| VS. | : |
| GERALD TAYLOR AND MARLAYN TAYLOR | : |
| DEFENDANT(S) | : ADVS. NO. 11-0031 |

# OPINION

BY: STEPHEN RASLAVICH, CHIEF UNITED STATES BANKRUPTCY JUDGE.

*Introduction*

The United States Trustee (UST) has commenced an adversary proceeding to revoke the Debtors' discharge. Before the Court is the Debtors' Motion for Judgment on the Pleadings. The UST opposes the debtor's motion. A hearing on the matter was held on April 19, 2011. The Court took the matter under advisement. For the reasons expressed below the motion will be granted.[1]

---

[1] As this matter pertains to a challenge to a discharge, it is within this Court's core jurisdiction. *See* 28 U.S.C. § 157(b)(2)(J).

*Legal Standard*

"Under Rule 12(c), judgment will not be granted unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law. In reviewing the grant of a Rule 12(c) motion, the Court must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Rosenau v. Unifund Corp.,* 539 F.3d 218, 221 (3d Cir.2008) (quoting *Jablonski v. Pan Am. World Airways, Inc.,* 863 F.2d 289, 290-91 (3d Cir.1988)).

*The Pleadings*

The Complaint alleges that the Debtors failed to disclose property of the estate in their bankruptcy[2]; that they did so knowingly and fraudulently; and that, as a consequence, their discharged should be revoked. *See generally* Complaint. The Debtors' raise the affirmative defense of untimeliness: the UST's motion was filed more than one year after the date of the Debtors' discharge. *See* Debtors' Motion.[3]

*Applicable Law*

The Trustee in this case seeks a revocation of the Defendant's discharge pursuant to § 727(d)(2):

> (d) On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if—

---

[2]The particular item in property in question was a prepetition tort claim.

[3]There are no facts in dispute in this matter. The parties agree on the salient dates.

> …
> (2) the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee[.]

11 U.S.C. § 727(d)(2). Because revocation of discharge is an extraordinary remedy, § 727(d) is to be construed liberally in the debtor's favor, and strictly construed against the proponent of revocation. *Buckeye Retirement Co. v. Heil (In re Heil),* 289 B.R. 897, 903 (Bankr.E.D.Tenn.2003).

> When revocation is sought, it is subject to following time constraint:
>
> > (e) The trustee, a creditor, or the United States trustee may request a revocation of a discharge—
> > …
> > (2) under subsection (d)(2) or (d)(3) of this section before the later of—
> >
> > (A) one year after the granting of such discharge; and
> >
> > (B) the date the case is closed.

11 U.S.C. § 727(e)(2). In sum, § 727(d)(2) and (e)(2) require that for a court to revoke a debtor's discharge for fraudulent activity, an action must be brought within one year from the later of the closing of the case or the granting of the discharge. *French v. Kohlhorst (In re Kohlhorst),* 2008 WL 2970391, at *2 (Bkrtcy.N.D.Ohio July 28, 2008). This time requirement is "not a mere statute of limitations, but an essential prerequisite to the proceeding." 6 *Collier on Bankruptcy*, ¶ 727.18[1] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.)

*The Arguments*

In response to the Debtors' defense, the UST argues that the doctrine of

equitable tolling should apply. See UST's Brief, 2-3. Debtors disagree maintaining that equitable tolling is inapplicable to a motion to revoke a discharge. See Answer and Affirmative Defenses.

*Equitable Tolling*

The doctrine of equitable tolling applies to every federal statute of limitations, and states that "[w]here a plaintiff has been injured by fraud and remains in ignorance of it without any fault or want of diligence of care on his part, the bar of the statute does not begin to run until the fraud is discovered." *Holmberg v. Armbrecht,* 327 U.S. 392, 397, 66 S.Ct. 582, 585, 90 L.Ed. 743 (1946) *citing Bailey v. Glover,* 21 Wall. 342, 88 U.S. 342, 22 L.Ed. 636 (1874). Where the statute in question is one of repose, the principles of equitable tolling will not apply. *See Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 363, 111 S.Ct. 2773, 2782 (1991) (holding that equitable tolling is not applicable to securities fraud claims).

*Statutes of Repose*

The Third Circuit has explained the difference between statutes of limitations and repose as follows:

> A statute of repose bars "any suit that is brought after a specified time since the defendant acted ..., *even if this period ends before the plaintiff has suffered a resulting injury*." Black's, *supra*, at 1451 (emphasis added). Unlike statutes of limitations, which traditionally do not begin to run until a cause of action has accrued ( *i.e.,* when all required elements have occurred) and the onset of which is often subject to delay by late discovery of the injury (or when a reasonable person should have discovered it), statutes of repose start upon the occurrence of a specific event and may expire before a plaintiff discovers he has been wronged or even before damages have been suffered at all. *Accord*

4

> *Nesladek v. Ford Motor Co.,* 46 F.3d 734, 737 n. 3 (8th Cir.1995) ("A statute of repose is different from a statute of limitations ... because a tort limitations statute does not begin to run until the injury, death, or damage occurs-or until the cause of action accrues.  On the other hand, a statute of repose prevents the cause of action from accruing in the first place."); Adolph J. Levy, Solving Statute of Limitations Problems § 3.01, at 76 (1987). It might be said that statutes of repose pursue similar goals as do statutes of limitations (protecting defendants from defending against stale claims), but strike a stronger defendant-friendly balance. Put more bluntly, there is a time when allowing people to put their wrongful conduct behind them-and out of the law's reach-is more important than providing those wronged with a legal remedy, even if the victims never had the opportunity to pursue one.

*In re Exxon Mobil Corp. Securities Litigation*, 500 F.3d 189, 199-200 (3d Cir. 2007)

Within this district, the question of whether the deadlines in § 727(e) are statutes of repose has not been addressed.  Elsewhere, the majority of the courts that have ruled on the question conclude that the deadlines are statutes of repose.  *See, e.g, In re Kohlhorst,* 2008 WL 2970391 at *3 (Bkrtcy.N.D.Ohio July 28, 2008); *Hadlock v. Dolliver (In re Dolliver)*, 255 B.R. 251, 257 (Bankr.D.Me.2000); *Dahar v. Bevis (In re Bevis),* 242 B.R. 805, 809 (Bankr.D.N.H.1999); *Davis v. Johnson (In re Johnson),* 187 B.R. 984, 988 (Bankr.S.D.Cal.1995); *Dery v. Rosenberg (In re Rosenberg)*, 2003 WL 21919267 at *10 (E.D.Mich.Jan.13, 2003); *Kartzman v. Abdelmassia (In re Abdelmassia)*, 362 B.R. 207, 214 (Bankr.D.N.J.2007); *Apex Wholesale, Inc. v. Blanchard (In re Blanchard),* 241 B.R. 461, 464 (Bankr.S.D.Cal. 1999); *and In re Morris*, 2008 WL 819296 at *4 (Bankr.D.Kan. March 26, 2008).   Particularly persuasive is the discussion of the point in *Bevis, supra*:

> Like the three-year time limit in *Lampf,* § 727(e)(2)'s time constraints are more akin to a statute of repose as opposed to a statute of limitations. The time limit connected with a statute of limitations generally begins when a cause of action accrues, while a statute of repose generally fixes an outside time limit as to when a cause of action may accrue in the first place. *See Blanchard,* 241 B.R. 461, 465. *See also Black's Law Dictionary* 1423 (7th ed.1999) (defining a statute of repose as one that bars a suit a fixed number of years after the defendant acts in some way ... even if this period ends before the plaintiff has suffered an injury"). "A statute of repose sets forth a period of repose, a given time span after the defendant's wrongful act in which a claim must accrue or be barred." *Blanchard,* at 465. Section 727(e)(2) sets outside time limits that are pegged to events independent of circumstances that give rise to a § 727(d)(2) cause of action. Section 727(e)(2)'s time limits hinge on when a debtor receives a discharge and when his or her case is closed, events that are unrelated to the fraud that underlies a § 727(d)(2) cause of action. Section 727(e)(2), therefore, is more like a statute of repose rather than a statute of limitations. *See id.* at 464

242 B.R. at 809-810.

The Court concurs with the majority on the issue of whether § 727(e)(2) is a statute of repose. Contrary to the UST's position, this subsection could not be clearer as to the deadline for revoking a discharge. It also does not start to run upon any injury visited upon a creditor; instead, it begins to run upon a fixed date set forth in the text of the statute itself. Accordingly, this Court holds that § 727(e)(2) is a statute of repose.

*Equitable Tolling is,*
*Therefore, Inapplicable*

The same courts that hold that the deadline in § 727(e)(2) is a statute of repose conclude that the deadline is not subject to equitable tolling. *Kohlhorst, supra*, 2008 WL 2970391 at *3 ; *Dolliver, supra*, 255 B.R. at 257; *Bevis, supra*, 242 B.R. at 809;

6

*Blanchard, supra*, 241 B.R. at 465; *Johnson, supra*, 187 B.R. at 989; *Rosenberg, supra*, 2003 WL 21919267 at *10; *Abdelmassia, supra*, 362 B.R. at 214; *see also Roost v. Reynolds (In re Reynolds)*, 189 B.R. 199, 202-203 (Bankr.D.Or.1995) (holding that equitable tolling does not apply to the similar provision of § 727(e)(1)); *see* also 6 *Collier on Bankruptcy*, ¶ 727.18[2] ("Like the time limit of section 727(e)(1), th[e] time limit [in § 727(e)(2)] is not subject to equitable tolling.") *But see Dwyer v. Peebles (In re Peebles)*, 224 B.R. 519, 522 (Bankr.D.Mass.1998)(reading equitable tolling into §727(e)(2) by analogizing the time limit in § 727(e) to the time limits in § 546(a) regarding a trustee's avoiding powers); *Caughey v. Succa (In re Succa),* 125 B.R. 168, 172 (Bankr.W.D.Tex. 1991) (accord)

Against that reasoning, the UST maintains that the deadlines applicable to discharge objections are becoming more flexible. As examples, the UST cites the recent amendments to Bankruptcy Rule 4004 and various decisional authority: *In re Emery*, 132 F.3d 892 (2d Cir.1998) (allowing a creditor to seek revocation of discharge against claims of untimeliness); *United Student Aid Funds, Inc., v. Espinosa*, 130 S.Ct. 1367 n.9 (2010) (noting that the deadline to seek revocation of a Chapter 13 deadline was not jurisdictional); *Kontrick v. Ryan*, 540 U.S. 443, 454, 124 S.Ct. 906, 914 (2004) (holding that the 60 day period in Rule 4004 for objection to discharge is not jurisdictional); and *United States Trustee v. Rychalsky (In re Rychalsky)*, 318 B.R. 61, 65 (Bankr.D.Del.2004) (holding that deadline to object to discharge may be equitably tolled).

The Court finds that the authority offered by the UST is inapposite. The recently amended Rule 4004(b)[4] provides as follows:

> (1) On motion of any party in interest, after notice and hearing, the court may for cause extend the time to object to discharge. *Except as provided in subdivision (b)(2)*, the motion shall be filed before the time has expired.
>
> (2) A motion to extend the time to object to discharge may be filed after the time for objection has expired and before discharge is granted if (A) the objection is based on facts that, if learned after the discharge, would provide a basis for revocation under section 727(d) of the Code, and (B) the movant did not have knowledge of those facts in time to permit an objection. The motion shall be filed promptly after the movant discovers the facts on which the objection is based.

2011 U.S. ORDER 0018 (C.O. 0018) (amending rule as set forth above and making amendment effective Dec. 1, 2011). From this the UST concludes that the deadline applicable to objections to discharge as well to motions to revoke discharge should be relaxed. UST's Supplemental Brief, 4.

The Court does not draw the same conclusion from the amended rule. To the Court, the amendment is narrowly tailored toward a specific circumstance which existed in *Emery, supra*. There, Citibank discovered debtor's fraud after the deadline to object to discharge (Rule 4004) expired but before a discharge order was entered. This is referred as the "gap" period. As it was too late to object to discharge, Citibank sought to revoke discharge under § 727(e). 132 F.3d at 894. That provision allows a creditor to revoke discharge based on fraud where the creditor did not learn of the fraud *until after* the granting of discharge. But Citibank did know of the fraud before entry of the

---

[4]Effective December 1, 2011.

8

discharge order. *Id.* This placed Citibank in a position of having learned of the fraud too late to object to discharge and too early to revoke discharge.[5] The Second Circuit considered Citibank to be prejudiced by this circumstance and so allowed it to proceed under § 727(d). *Id.* at 896.

The debtor in *Emery* would seize upon this ruling to argue that the complaint to revoke discharge was untimely. If, as the debtor maintained, the discharge was adjusted back in time to the date that the deadline to object to discharge expired, then Citibank's complaint was filed more than one year after that date, thereby rendering it untimely. The Second Circuit rejected that argument outright holding that the deadline to revoke discharge would begin to run from the date that the discharge was actually granted. Importantly, it did not expand or relax the deadline applicable to revocation of discharge.

Both the amendment to Rule 4004(b) and the rationale of *Emery* squarely address the precise predicament that Citibank found itself in: learning of a debtor's fraud in the "gap" period. Unlike that creditor, the UST is proceeding under § 727(d)(2). Subsection (d)(2) does not require the creditor not to have known of the fraud prior to discharge in order to proceed. So the question of what the UST, the Trustee and others knew and when they knew it are not relevant here. Instead, subsection (d)(2) requires *only a debtor* to have knowingly and fraudulent concealed or failed to have listed property of the estate. For those reasons, the Court cannot agree

---

[5]The legislative history of amended Rule 4004(b) demonstrates that it is intended to address this "gap" between the expiration of the time for objecting to discharge and the entry of the discharge order. US ORDER 11-0018, Committee Note to Rule 4004, Subdivision (b).

9

with the UST's statement that the amendment to Rule 4004(b) demonstrates that the time limitations under § 727(e) are not intended to be strictly enforced.[6]

*Plain Meaning*

Where the Court *is* persuaded is by the reasoning of the majority line of cases which hold that equitable tolling does not apply. These decisions offer a number of rationales to support their conclusion: the plain meaning of § 727(e)(2), the need for finality, and the applicable bankruptcy rules of procedure. The Bankruptcy Court in *Bevis, supra* opined that the plain meaning of the statute precludes tolling in this context:

> The conclusion that equitable tolling is inapplicable to both §§ 727(e)(1) and (e)(2) is further supported by the notion that Bankruptcy Code provisions should be interpreted based upon their "plain meaning." *See United States v. Ron Pair Enters., Inc.,* 489 U.S. 235, 242, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989) ("The plain meaning of legislation should be conclusive, except in the 'rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters.'") (quoting *Griffin v. Oceanic Contractors, Inc.,* 458 U.S. 564, 571, 102 S.Ct. 3245, 73 L.Ed.2d 973 (1982)). Section 727(e)(1) clearly states that a § 727(d)(1) action may be brought within one year after a debtor is granted a discharge, while § 727(e)(2) unambiguously limits the commencement of a § 727(d)(2) action to the same period, or the date the case is closed, whichever occurs later. Although words are subject to nuance, the meaning of this language appears clear: §

---

[6]Neither are the UST's other authorities persuasive. The *Kontrick* and *Rychalsky* decisions both deal with a deadline different from that at issue in this case. Those cases involve parties who failed to object to discharge within the 60 day time limit set forth in Rule 4004. Similarly, the Supreme Court's statement in *Espinosa* is not only *dicta* but, more importantly, it deals with revocation of discharge in Chapter 13 and not Chapter 7.

> 727(d)(1) and § 727(d)(2) actions must be brought within specific time periods. The use of equitable tolling in the context of either §§ 727(e)(1) or (e)(2) would eviscerate the plain meaning of such language. Moreover, the Supreme Court has recently stated that "[e]quitable tolling is not permissible where it is inconsistent with the text of the relevant statute." *United States v. Beggerly,* 524 U.S. 38, 48, 118 S.Ct. 1862, 141 L.Ed.2d 32 (1998).

*Bevis*, 242 B.R. at 810; *see also Casciato-Northrup v. Phillips (In re Phillips)*, 233 B.R. 712, 717 (Bankr.W.D.Tex.1999) ("Equitable tolling is not permissible where it is inconsistent with the text of the relevant statute.")

*Finality*

Another court observed that specific time limits are consonant with the policy of finality:

> Additionally, a finding that equitable tolling applies would leave debtors' discharges open to attack indefinitely. The need for finality is an important bankruptcy policy. *See In re Bevis,* 242 B.R. at 810. While this conclusion means that some fraudulent debtors will retain their discharge, it does not mean that parties harmed by the debtor's actions are left without recourse. *See In re Dolliver,* 255 B.R. at 258 (noting other remedies that may be available; for example, an action under § 350(a) to reopen the case to recover and administer fraudulently concealed assets and criminal prosecution under 18 U.S.C. § 152). As the Court concludes that the equitable tolling doctrine does not apply, it stands that the bankruptcy court should not have accepted the trustee's amended petition.

*Rosenberg, supra*, 2003 WL 21919267 at *10

*Bankruptcy Rules*

And yet another observed that the applicable Bankruptcy Rules would likewise preclude tolling:

11

> Courts also discern support for the conclusion that equitable tolling does not apply from Federal Rules of Bankruptcy Procedure 9024 and 9006. *Apex Wholesale Inc. v. Blanchard (In re Blanchard),* 241 B.R. 461, 465 (Bankr.S.D.Cal.1999); *In re Phillips,* 233 B.R. 712, 716–717 (Bankr.W.D.Tx.1999). Although Rule 9024 makes Federal Rule of Civil Procedure 60 applicable to bankruptcy proceedings, it specifically provides that complaints to revoke discharges "may be filed only within the time allowed by § 727(e) of the Code." Fed. R. Bankr.Pro. 9024. Further, these courts point out that although Rule 9006 permits Courts to exercise discretion to enlarge time periods, the rule plainly states that courts "may not enlarge the time for taking action under Rule ... 9024." Fed. R. Bankr.Pro. 9006.

*In re Abdelmassia*, 362 B.R. at 213

The majority opinions conclude that the form, substance and policy of the relevant Bankruptcy Code provisions indicate a clear intent to preclude equitable tolling of the deadline to revoke a discharge. Finding these analyses persuasive, the Court will rule accordingly.

An appropriate Order follows.

By the Court:

_____
Stephen Raslavich
Chief U.S. Bankruptcy Judge

Dated: <u>June 8, 2011</u>